PER CURIAM.
B.H.A. petitions this Court for review of the recommendation of the Florida Board of Bar Examiners that his application for admission to The Florida Bar be denied. We have jurisdiction under article V, section 15 of the Florida Constitution.
B.H.A. graduated from law school and passed the Florida Bar Examination in 1991. During the course of the usual background investigation, certain troubling information came to the Board’s attention reflecting adversely on B.H.A.’s character. After an investigative . hearing, the Board prepared specifications.
All of the Board’s proven specifications[1] involved an incident in 1980, when B.H.A. was seventeen years old. B.H.A. was sitting in his ear in a parking lot with an acquaintance when the police conducted a search of his car revealing marijuana paraphernalia and two credit cards not belonging to B.H.A. B.H.A. was arrested and charged with possession of a credit card without the owner’s consent. Because a warrant application to ratify the prior search was denied, the case was not prosecuted.
The Board found that B.H.A.’s written explanation of this incident in his sworn bar application was false, misleading, or lacking in candor. B.H.A. stated that the credit cards had been left in his car by a hitchhiker whom he did not know before giving him a ride, and with whom he did not have contact afterward. B.H.A. failed to reveal that he did know the hitchhiker, who was a friend of his. He also failed to reveal that he had driven the friend to the location of an automobile so that the friend could steal the car’s battery for his own car. B.H.A. witnessed the friend enter the automobile and believed that the stolen credit cards in question came from that vehicle. B.H.A. further failed to reveal that B.H.A. or his passenger, or both, were smoking marijuana in the vehicle at the time of the incident that led to the arrest. The Board found this lack of candor to be disqualifying for admission to the Bar.
The Board also found that B.H.A. falsified responses in his application for a certified legal intern position in the Dade County State Attorney’s Office. In the explanation in the application of the events surrounding the arrest, B.H.A. claimed not to know the identity of the hitchhiker and failed to reveal that marijuana was also discovered in the vehicle. In an interview with the State Attorney’s Office, B.H.A. also falsely stated that he had never seen the hitchhiker before and failed to reveal that he believed the credit cards were taken from the automobile he saw his friend enter without permission. B.H.A. also failed to reveal that marijuana was discovered in the vehicle at the time of the arrest. B.H.A. was ultimately denied admission to the legal internship due to his lack of candor in the application and inter *684 view process. The Board found this same conduct to be disqualifying for admission to the Bar.
In addition, in his 1988 application for admission to law school, B.H.A.’s response was “No” to a question asking applicants if they had ever been arrested or taken into custody for the violation of a law or for any offense other than a minor traffic violation. In 1990 B.H.A. amended his application to reveal his arrest and received a reprimand from the school and was required to perform forty hours of community service. The Board found that B.H.A.’s response was false, misleading, or lacking in candor and although not individually disqualifying, in cumulation with the other specifications was disqualifying.
In a separate specification, the Board further found that based on all of the other specifications, there existed a pattern of untruthfulness or lack of candor causing substantial doubts as to B.H.A.’s honesty and integrity.
In addition to the above findings, the Board specifically noted that B.H.A.’s testimony at the formal hearing regarding the question on the law school application was representative of his inability to be truthful. At the hearing, B.H.A. testified that at the time he applied to law school, he thought that those arrests in which the charges were later dropped were not within the purview of the question. The Board found this explanation to be unworthy of belief.
We conclude that the Board’s findings are supported by competent and substantial evidence and that these findings are sufficient to justify nonadmission to the Bar. B.H.A. presented witnesses who testified to his good character and excellent work habits and also offered into evidence letters of recommendation from employers, a law professor, his insurance carrier representative, people associated with his internship at the Public Defender’s Office, and a county judge. However, we agree with the Board that this evidence was insufficient to overcome the seriousness of B.H.A.’s lack of veracity and candor especially in light of the fact that B.H.A. falsified his Bar application as late as 1991. We therefore approve the Board’s findings and recommendation and deny B.H.A.’s petition for admission to The Florida Bar. Because the evidence presented by B.H.A.’s character witnesses indicates that B.H.A. is making an earnest effort toward rehabilitation, we direct that he may reapply for admission after one year from the date of this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. The Board filed only one specification not related to B.H.A.’s 1980 arrest. In specification mortgage loan application. The Board found that the evidence in support of this allegation