**In the Matter of Elizabeth E. REDDING.**

**No. 98S00–9508–DI–977.**

Supreme Court of Indiana.

Nov. 7, 1996.

Elizabeth E. Redding, Attorney at Law, Arlington Heights, IL, Respondent, pro se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, Elizabeth E. Redding, has been charged by the Disciplinary Commission of this Court, under a two count complaint, with engaging in professional misconduct. Pursuant to *Ind.Admission and Discipline Rule 23(11)(c)*, the parties have tendered to this Court a conditional agreement. This Court approves the tendered agreement and imposes suspension from the practice of law for ninety (90) days. The facts and circumstances of this matter are more fully set out in the opinion that follows.

Under Count I, the parties agree and we now find that respondent, a duly licensed attorney subject to the disciplinary jurisdiction of this court, submitted her *Application for Admission Upon Examination to Practice Law* to the Indiana Board of Law Examiners on November 28, 1992. On April 14, 1993, a claim was filed against the respondent and her husband in the Wayne Township Small Claims Court in Marion County, Indiana, seeking delinquent rental payments. Respondent failed to inform the Board of Law Examiners of the filing of this claim, as required by the application, and on June 14, 1993, was admitted to the Bar of this state upon the incomplete application.

Under Count II, the parties agree and we find that on July 1, 1993, respondent and her husband appeared in the Wayne Township Small Claims Court in the delinquent rent matter noted above in Count I. At the trial in the Wayne Township Small Claims Court, Respondent testified that the amount owed had been paid at the Marion County Clerk's office on May 5, 1993, and produced a receipt to that effect from the Clerk. The check

written by respondent to satisfy the rental delinquency was returned to the Marion County Clerk's office for insufficient funds upon presentment. At the time the check was written respondent knew she had insufficient funds in her account. Counsel for the landlord seeking the delinquent rent had discovered on the day before the trial in the Wayne Township Small Claims Court that the check had been dishonored and not made good by the respondent before the trial.

 This Court now concludes that, by reason of the above noted finding of fact, respondent made a false statement of material fact to a tribunal in the Wayne Township Small Claims proceeding and, accordingly, violated *Ind.Professional Conduct Rule 3.3(a)(1)*. We further conclude that, by her conduct in the Wayne Township Small Claims proceedings, respondent offered evidence known to be false in violation of *Prof. Cond.R. 3.3(a)(4)*; and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of *Prof.Cond.R. 8.3(c)*. Lastly, we conclude that by failing to notify the Board of Law Examiners of the filing of a lawsuit against her during the pendency of her Bar application, respondent did not disclose a fact necessary to correct a misapprehension and, accordingly, violated *Prof.Cond.R. 8.1(b)*.

In mitigation, the parties advise this Court that at the time of the incidents presented in this case, respondent suffered from undiagnosed clinical depression and, as a consequence, suffered from severe emotional and financial problems. Respondent has since entered therapy and her depression has been successfully treated. The parties further note that respondent has fully cooperated with the Disciplinary Commission and is remorseful for her conduct.

The misconduct in this case, misrepresentation to a tribunal, is serious. The prompt and fair resolution of disputes depends on the presentation of accurate information coupled with a trust that the attorneys are faithful in their representations. Clearly, respondent has failed to meet reasonable expectations of integrity and, by the misconduct demonstrated in the case, given this Court good reason to question whether she is worthy of trust. The parties have agreed that a suspension from the practice of law for a period of ninety (90) days is the appropriate discipline. Given the relative youth and inexperience of the respondent, the fact that the underlying issues did not relate to the practice of law, and willingness of respondent to resolve this matter with the commission, we accept the agreement.

Accordingly, in light of the misconduct found in this case, the respondent, Elizabeth E. Redding, is hereby suspended from the practice of law for a period of ninety (90) days beginning December 10, 1996.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., dissents and would vote for longer period of suspension.