**In the Matter of Scott M. LUCAS.**

**No. 49S00–9512–DI–1329.**

Supreme Court of Indiana.

Nov. 13, 1996.

Scott M. Lucas, Terre Haute, pro se, and Christopher A. Smith, Hagemier, Allen & Smith, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

█ The Disciplinary Commission has charged the respondent, Scott M. Lucas, with failing to provide full disclosure on his applications for admission to the bars of Indiana and Florida. A *Statement of Circumstances and Conditional Agreement for Discipline,* tendered by the respondent and the Commission pursuant to Ind.Admission and Discipline Rule 23, Section 11(c), is now before this Court for approval. The respondent's admission to this state's bar on October 22, 1993 subjects him to the disciplinary jurisdiction of this Court.

The parties agree that the respondent filed an *Application for Admission Upon Examination to Practice Law* (the "Indiana application") with the Indiana Board of Law Examiners (the "Indiana board") on April 19, 1993. Question number 17 of the Indiana application requested, *inter alia,* that the respondent "provide a complete listing of each and every civil court proceeding in which in any way [the respondent had] been involved as a party ...". The respondent failed to disclose that he had been the defendant in three civil lawsuits, all filed in the state of Indiana.

Question number 18 of the Indiana application requested, *inter alia,* that the respondent answer the following inquiry:

I have been convicted of the following violations of law: (Include all felonies, misdemeanors, traffic offenses, and everything else, but omit parking violations.) Note: (a.) Set out date, name of court, city and state, law enforcement agency involved, charge, sentence and any disposition. (b.) Attach copies of all charges, indictments, disposition orders, police reports and court records. Provide complete detailed information. Do not just refer to DMV Report.

In response thereto, the respondent failed to disclose that he had received a speeding ticket on or about April 14, 1993 in Tippecanoe County, Indiana.

Question number 19 of the Indiana application was as follows:

In addition to the convictions set forth in 18 above, I have been accused of the fol-

lowing violations of the law: Note (a.) Set out the date, city and state, name of person who made the accusation against you, the law enforcement agency involved, if any, and give disposition. (b.) Give specific details of the accusation and a full description of the incident. (c.) Attach copies of all documents relating to the charges and disposition thereof, including police reports, charges, indictments, disposition orders and court records.

In response to that question, the respondent failed to disclose that he was arrested in Indianapolis, Indiana in or about May or June of 1984 for public intoxication. No criminal charges ever resulted from that arrest.

During about the same time period that he filed his Indiana application, the respondent also filed an *Application for Admission to the Florida Bar* (the "Florida application"). Item number 14 on the Florida application requested, *inter alia,* that the respondent provide the Florida Bar Examiners with "all sources from which you borrowed or with which you have established credit, including any credit cards, during the last five years," and that he list "all debts over $500, and indicate status, i.e., current or delinquent." In response to those questions, the respondent failed to disclose that he had a delinquent credit card account with a department store and that he had a delinquent account with a hospital services company.

Item number 14 also requested that the respondent provide information about judgments entered against him in favor of any creditors. Item number 19 requested that the respondent list any judicial proceeding "of every nature and kind" to which he had ever been a party. In response to those questions, the respondent failed to disclose any of the three Indiana civil lawsuits in which he had been the defendant.

The Florida Bar Examiners later conducted an independent investigation of the respondent's character and fitness. The respondent was notified of the preceding omissions and asked to clarify the information. He fully disclosed his omissions to the

Florida Bar Examiners. On April 12, 1994, the Florida Bar Examiners asked the respondent to notify the Indiana board of relevant information omitted from his Indiana application, namely his 1984 arrest and the civil lawsuits. On June 24, 1994, the respondent notified the Indiana board of various omissions on his Indiana application, including the three civil lawsuits and his 1984 arrest. The Indiana board referred the matter to the Commission in light of the respondent's October 22, 1993 admission to the Indiana bar. On November 3, 1994, the respondent disclosed to the Commission receipt of the April 14, 1993 speeding ticket.

In its *Verified Complaint for Disciplinary Action,* filed on December 5, 1995, the Commission charged the respondent with violating Rule 8.1(b) of the *Rules of Professional Conduct for Attorneys at Law,* which provides:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

. . .

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.[1]

We find that, by failing to provide on his Indiana bar admission application information concerning the civil lawsuits in which he was a defendant, his April 14, 1993 speeding ticket, and his 1984 arrest, the respondent violated Ind.Professional Conduct Rule 8.1(b). We find further that he violated that same provision by failing to disclose on his Florida application all outstanding debts, the civil lawsuits, and his April 14, 1993 speeding ticket.

 Our finding of misconduct necessitates assessment of an appropriate discipline. In the *Conditional Agreement,* the parties propose that the respondent be publicly reprimanded. Our analysis in determining an

---

1. Professional Conduct Rule 1.6 is concerned with confidentiality of information.

appropriate sanction in disciplinary cases involves examination of the nature of the misconduct, the duty violated, the state of mind of the respondent, the actual or potential injury caused by the respondent, the potential risk to the public in allowing the respondent to continue in practice, the duty of this Court to preserve the integrity of the profession, and factors in aggravation and mitigation. *In re Lahey*, 660 N.E.2d 1022 (Ind. 1996); *In re Drozda*, 653 N.E.2d 991 (Ind. 1995).

The parties agree that the respondent's misconduct was the result of negligence rather than an intent to deceive. For example, the *Conditional Agreement* provides that the respondent "failed to take sufficient care and time in completing to reflect on the questions and their import and did not remember to include information about the three civil lawsuits." It is stated that the respondent was acting under considerable pressure at the time he completed the applications due to academic and employment commitments. Similarly, it is agreed that the respondent failed to disclose the April 14, 1993 speeding ticket on his Indiana application only because he had signed the application two days before and thereafter failed to update it prior to its filing on April 19. The parties further agree that respondent failed to disclose his 1984 arrest on his Indiana application because he was uncertain if an arrest constituted a "violation of the law" as that phrase was used in the Indiana application. The respondent *did* disclose his 1984 arrest on the Florida application because it specifically asked for information about prior "arrests."

In attorney disciplinary actions, a "negligent" state of mind, where a lawyer "fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation," is viewed as the least culpable of mental states. American Bar Association *Standards for Imposing Lawyer Sanctions,* Theoretical Framework. Other recognized mental states are "intent," where a lawyer acts with the conscious objective to accomplish a particular result, and "knowledge," where a lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct but without the conscious objective or purpose to accomplish a particular result. ABA *Standards,* Theoretical Framework. "Intent" is viewed as the most culpable of mental states, followed by "knowledge." *Id.*

We are convinced that the respondent's nondisclosure on his bar applications was the product of something less than a conscious, premeditated plan to keep certain information from the admissions authorities.[2] His omissions therefore do not sufficiently demonstrate that he lacks truthfulness and veracity to a degree that indicates character and fitness shortcomings. Instead, his actions suggest only that he failed to diligently and thoughtfully prepare his bar applications, that he exercised poor judgment, and that he lacked a full appreciation of the significance of the admissions screening process.

In *In re Charos*, 585 N.E.2d 1334 (Ind. 1992), this Court found that the respondent in that case had failed to disclose prior arrests and bar admission applications he submitted in other states in response to questions on the Indiana bar application requesting such information. Finding that the respondent "embarked on a path of deception" on his very first encounter with a situation calling for sound professional ethics, this Court found that his actions indicated a "serious lack of candor." *Charos* at 1335. He was suspended for a period of not less than one year. Other jurisdictions have disbarred or suspended lawyers or denied admission to applicants who have demonstrated a pattern of untruthfulness or who failed to provide full or truthful disclosure during the bar admission process. *See, e.g., In re Application of McLaughlin,* 144 N.J. 133, 675 A.2d 1101 (1996) (certifi-

---

2. On the other hand, we are not convinced that the respondent's actions were merely "negligent." We think it not unreasonable that an individual with three years of formal law school training and exposure to the legal profession in the form of part-time employment in a law firm and a judicial internship should have a "conscious awareness of the nature or attendant circumstances" of omitting information on a bar application, even if he harbored no actual objective to deceive.

cation of good character withheld from admission candidate for lack of truthfulness and candor and insufficient appreciation of the administration of justice); *Attorney Grievance Commission v. Joehl,* 335 Md. 83, 642 A.2d 194 (1994) (lawyer disbarred for omissions on bar application, omission of information from character and fitness representative, and false testimony before inquiry panel); *In re the Bar Admission of Martin,* 181 Wis.2d 27, 510 N.W.2d 687 (1994) (applicant denied certification for admission due to failure to truthfully answer criminal history questions on law school and bar admission applications); *Florida Board of Bar Examiners re B.H.A.,* 626 So.2d 683 (Fla.1993) (false or misleading explanation of prior arrest on bar application, falsification of responses on application for legal intern position, and false answer on law school application disqualified applicant from admission to bar). However, an important finding in these cases was that the applicant or lawyer had intentionally deceived admissions authorities and thus exhibited a lack of sufficient honesty and veracity for admission or continued licensure. We do not find such a character flaw indicated by the respondent's actions in the present case.

Nonetheless, the respondent's omissions frustrated the efforts of admissions authorities in two states from accurately gauging his overall character and fitness and, overall, tarnishes the integrity of the screening process. For the protection of the public and the profession, this Court must assure that the practice of law be restricted only to those demonstrating established character and competence. However, in light of our finding that the respondent did not harbor an intent to deceive the admissions authorities, we conclude that the agreed sanction, a public reprimand, is not inappropriate in the present case. Had this Court found the respondent's state of mind to be more culpable, we would have rejected the agreed discipline as too lenient.

It is, therefore, ordered that the respondent, Scott M. Lucas, be reprimanded and admonished for the misconduct that occurred in this case.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

SULLIVAN, J., dissents, believing the sanction insufficient.