**In the Matter of Anand K. VERMA.**

**No. 98S00–9509–DI–1084.**

Supreme Court of Indiana.

Feb. 23, 1998.

No appearance for Respondent.

Donald R. Lundberg, Executive Secretary, Robert Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

Anand K. Verma,[1] an attorney admitted to practice law in this state in 1984, has been charged with making false statements on bar admission applications in the states of Pennsylvania and Maryland. A hearing officer appointed by this Court held full evidentiary hearing in this matter, and has now submitted her report to this Court, therein concluding that respondent Verma engaged in misconduct as charged. This matter is now before us for final resolution.

Where, as here, the hearing officer's findings are unchallenged, we adopt them with the understanding that final determination as to misconduct and sanction rests with this Court. Accordingly, we now find that under Count I of the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* the respondent filed an application for admission to the Bar of Pennsylvania on June 24, 1991. Question number seven on that application asked:

State principal residence outside of Pennsylvania you have had within the past 10 years, including college, law school, and military addresses.

In response, the respondent answered that he lived at "Clairborne Court" in Indianapolis from "1/1985 to Present."

Question number 26 asked:

State the names and addresses of the offices or places which you were employed as an attorney or engaged in private practice, the dates of employment (give exact dates if possible), the nature and extent of your duties, and the reasons for termination.

In response, the respondent stated that he had been a "Sole Practitioner" with offices at 7262 Pendleton Pike in Indianapolis, from "1/1985 to Present ... Except during suspension."

On June 24, 1991, the respondent signed the application under the following statement:

I verify that the statements of facts made by me in this application are true and correct and that they are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities. I further verify that I have not omitted any facts or matters pertinent to this application.

In fact, the respondent was admitted to the bar of Indiana on October 12, 1984, remained in Indiana for two weeks, then moved to Washington, D.C. He neither lived nor practiced law in Indiana between January 1, 1985 and June 24, 1991, as he stated in his application. During that period, he lived in Washington, D.C., California, and Harrisburg, Pennsylvania. The respondent's Pennsylvania application was denied because he did not qualify under Pa. B.A.R. Section 204(2)(I), which requires proof that the applicant, "while continuously engaged in the practice of law in any state or states outside of this Commonwealth and subsequent to admission in a reciprocal state, has for a period of five years (I) Practiced law in a reciprocal state or states outside the Commonwealth ..."

---

1. F/k/a Anand K. Rajan.

Under Count II of the *Verified Complaint,* we now find that the respondent filed a petition for admission to the Maryland Bar as an out-of-state attorney pursuant to Maryland Bar Admission Rule 13. In that petition, the respondent represented, under oath, that he engaged in the practice of law in Indiana as a solo practitioner from January 1985 to February 1992. He also stated that he had lived in Indiana during that period. In fact, the respondent did not practice law in Indiana between 1985 and 1992 and lived in California, Pennsylvania, and Washington, D.C. during that time. To support the statements made in the Maryland application, the respondent procured or forged a certification from "David Rivera," allegedly a member of the Minnesota Bar, which asserted that the respondent practiced law in the District of Columbia from January 1993 until December 1993. According to his own disclosures on the Maryland application, the respondent did not practice as a member of the District of Columbia bar during that period. Additionally, the respondent misrepresented the nature and seriousness of the disciplinary violation which led to his suspension from the practice of law in this state from September 23, 1988 until January 28, 1991. *In re Rajan,* 526 N.E.2d 1185 (Ind.1988) (one year suspension for falsifying application for employment with federal agency). He stated that the disciplinary matter involved an "allegation of misstatement of my date of birth on an employment application ...," when, in fact, the respondent was found by this Court also to have altered and falsified the dates he attended George Washington University on a copy of his transcript. He then submitted the transcript, with its alteration, to the federal agency. *In re Rajan,* 526 N.E.2d at 1186. By letter dated August 25, 1994, the respondent falsely informed the secretary of the Maryland State Board of Law Examiners that Indiana authorities did not conduct a formal hearing prior to suspending him, when in fact a formal hearing was held. *Rajan* at 1185. Additionally, he misrepresented the actual dates of his suspension in the Maryland application, falsely stating therein that he had been suspended from 1989 until December 1990.

Indiana Professional Conduct Rule 8.1 provides:

> An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
>
> (a) knowingly make a false statement of material fact; or
>
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

■ We find that, by knowingly making false statements of material fact in his Maryland and Pennsylvania Bar applications, the respondent violated Ind. Professional Conduct Rule 8.1(a).[2] He violated Prof. Cond. R. 8.1(b) by failing to disclose those facts necessary to correct a misapprehension which he had created.

Indiana Professional Conduct Rule 8.4(c) states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. By providing false information on the Maryland and Pennsylvania bar applications, the respondent violated Prof Cond.R. 8.4(c).

■ We now must assess an appropriate disciplinary sanction, taking into consideration the surrounding circumstances, the respondent's state of mind, the duty violated, actual or potential injury to the client, the duty of this Court to preserve the integrity of the profession, the risk to the public, and any mitigating or aggravating factors. *In re Conway,* 658 N.E.2d 592 (Ind.1995); *In re Ragland,* 647 N.E.2d 319 (Ind.1995).

■ The respondent has a history of conduct involving dishonesty, and our present

---

**2.** The misstatements were "material" in that, by falsifying the dates regarding his time of law practice in Indiana, the respondent attempted to take advantage of bar reciprocity agreements pursuant to which five years of continuous law practice in a reciprocal state may be substituted for taking the written bar exam in the target application state.

findings indicate that his chronically deceptive behavior continues despite prior disciplinary sanction. His willingness knowingly to falsify legal documents indicates a serious lack of candor and trustworthiness. We view him as unable, truthfully and within the bounds of basic precepts of professional ethics, to represent the causes of others as an officer of this Court. Accordingly, to protect the public and the profession, we conclude that the respondent should be disbarred.

It is, therefore ordered that the respondent, Anand K. Verma, be disbarred. The Clerk of this Court is directed to strike his name from the Roll of Attorneys.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.

All Justices concur.