**In the Matter of Gene E. CONN.**

**No. 43S00–9709–DI–479.**

Supreme Court of Indiana.

Sept. 1, 1999.

Gene E. Conn, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM

The respondent, Gene E. Conn, was convicted and imprisoned in 1997 for sexual exploitation of minors. While he was under federal investigation for that crime in 1995, he failed in his duty to amend his application to the Indiana bar to reveal that investigation. Today we approve a *Conditional Agreement for Discipline* between the respondent and the Supreme Court Disciplinary Commission pursuant to Ind.Admission and Discipline Rule 23, Section 11. Our approval of this agreement will result in respondent's suspension from the practice of law for a minimum of two years for engaging in this professional misconduct.[1]

The undisputed facts show that, in 1994, the respondent downloaded from the Internet sexually explicit images of children. At the time, he was a student at the Indiana University School of Law—Bloomington. On April 27, 1995, he initiated his effort to become a licensed attorney in Indiana by submitting his sworn *Application for Admission Upon Examination to Practice Law* to the Indiana State Board of Law Examiners. On his bar application, the respondent was directed to respond to the following two items:

> 19. In addition to the convictions set forth in 18 above, I have been accused of the following violations of law: Note: (a.) Set out date, city and state, name of person who made the accusation against you, the law enforcement agency involved, if any, and any disposition. (b.) Give specific details of the accusation and a full description of the incident. (c.) Attach copies of all documents relating to the charges and disposition thereof, including police reports, charges, indictments, dispositions, orders, and court records.

> 20. Within the meaning of the term "good moral character" and "fitness" to practice law as set out and defined in Rule 13 IV(A) of the Rules of Admission to the Bar of Indiana (which I have read and understand), since I became 18 years of age the only incidents in which I have been involved where there was any challenge to my honesty and integrity are as follows: Note: (a.) Set out brief description of each incident, include the date, city and state, other persons involved, and how the matter was resolved. (b.) Attach copies of all documents relating to the incident.

Included in the respondent's bar application was an *Agreement, Release and Authorization* signed by the respondent. It stated, "I fully understand and agree that this Application is a continuing application and agree that if any matter contained herein shall be changed by any event or incident I will immediately notify the Board of Law Examiners of such change."

In September 1995, Special Agents of the Federal Bureau of Investigation interviewed the respondent regarding his involvement in

---

1. By virtue of his admission to the Indiana bar in October 1995, the respondent is subject to this Court's disciplinary jurisdiction.

receiving and transmitting child pornography over the Internet. As a result of that interview, the respondent knew or reasonably should have known that he was the subject of a criminal investigation regarding child pornography. The respondent did not update his bar application to note this investigation, although he had a duty to do so. The respondent was admitted to practice law in the State of Indiana on October 23, 1995.

In April 1996, the respondent was charged in the United States District Court for the Northern District of Indiana with one count of Sexual Exploitation of Minors in violation of 18 U.S.C. section 2252. He pleaded guilty on April 25, 1996, and was sentenced on August 21, 1997, to fifteen months in prison and two years of supervised release. On the basis of that conviction, this Court suspended the respondent on October 21, 1997, pending conclusion of this disciplinary proceeding.

■ We find that the respondent violated Ind. Professional Conduct Rule 8.1(a) and (b) by failing to correct his bar application to reflect that he was under federal investigation with reference to child pornography.[2] We further find that the respondent, by conveying and receiving child pornography in violation of federal law, violated Prof.Cond.R. 8.4(b) by committing a criminal act that reflected adversely on his trustworthiness and fitness as a lawyer.[3]

■ Now that we have found misconduct, we must determine an appropriate sanction.

2. Prof.Cond.R. 8.1 provides:
An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact; or
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

3. Prof.Cond.R. 8.4(b) provides that "(I)t is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

The respondent and the Commission suggest a two-year suspension from the practice of law, commencing on October 28, 1998, the date of the submission of the original conditional agreement.[4] In assessing a sanction, we examine the nature of the misconduct, the duty violated, the state of mind of the respondent, the actual or potential injury caused by the respondent, the potential risk to the public in allowing the respondent to continue in practice, the duty of this Court to preserve the integrity of the profession, and factors in aggravation and mitigation. *Matter of Lucas,* 672 N.E.2d 934 (Ind.1996). The respondent's misconduct could warrant a more severe sanction. We have disbarred an attorney whose falsification of a bar application was detected after his admission to the practice of law in this state. *See, e.g., Matter of Verma,* 691 N.E.2d 1211 (Ind.1998). If the respondent had disclosed the federal investigation in his child pornography activities to the Board of Law Examiners as required, whether he would have passed the character and fitness review required of all candidates for bar admission is unclear. Absent substantial mitigating circumstances or policy considerations, we would not be inclined to favor a sanction which allows the respondent to retain a law license which he might not have obtained absent concealment of previous misconduct. As we noted in *Matter of Charos,* 585 N.E.2d 1334, 1335 (Ind.1992), a case which also involved deceit in the bar application process:

Although the respondent's illegal conduct occurred before he became a lawyer, the respondent and the Commission stipulate that this Court has jurisdiction over the 8.4(b) violation by virtue of its inherent constitutional authority over the discipline and disbarment of those admitted to practice law in this state. *See* IND. CONST., art. VII, section 4. In addition, the criminal act on which this disciplinary matter is based resulted in a conviction *after* the respondent became an Indiana attorney.

4. The parties earlier submitted a conditional agreement which called for a two-year suspension beginning on the date of the respondent's suspension *pendente lite* on October 21, 1997. We rejected that agreement because we found the sanction to be too lenient.

At his very first encounter with a situation calling for sound professional ethics, this Respondent embarked on a path of deception. The very nature of this violation indicates a serious lack of candor which reflects negatively on a lawyer's integrity and professional status.

The parties have agreed on various factors which they suggest mitigate the severity of the misconduct. They note the respondent admitted his criminal conduct in federal court and has cooperated with the Disciplinary Commission. Respondent has sought counseling voluntarily at his own expense. He was found to be of sound mental health and discharged from treatment after only a few sessions with no follow-up recommended by the counselor.

The parties also cite as a mitigating factor that the respondent believed after the initial visit by FBI agents that the investigation into his activities had ended and would not result in charges. They also suggest he was unaware that his conduct constituted a violation of a specific federal law. We note, however, that the respondent either knew, or reasonably should have known, that receiving and conveying sexually explicit images of children was illegal conduct and that, in any event, the FBI questioning should have prompted him to reveal such conduct to the State Board of Law Examiners.

Given the mitigating factors in this case and our policy of accepting conditional agreements to encourage expeditious and agreed resolutions of disciplinary matters, we accept the conditional agreement and its two-year suspension. We note that such discipline is consistent with sanctions imposed in other disciplinary proceedings arising from charges relating to illicit child sexual activities. *Matter of Buker*, 615 N.E.2d 436 (Ind.1993) (approving conditional agreement for two-year suspension for displaying sexually explicit material to, and molesting, child); *Matter of Kern*, 551 N.E.2d 454 (Ind.1990) (two-year suspension for child molestation).

It is, therefore, ordered that the respondent, Gene E. Conn, be suspended for a minimum of two years, beginning October 26, 1998. At the end of that two-year period, the respondent may seek reinstatement to the practice of law upon a showing that he has met the conditions of Admis.Disc.R. 23(4). In any petition for reinstatement, the respondent must convince the Commission and the Court that he can be safely recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence. Admis.Disc.R. 23(4) and (18).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.