**In the Matter of Richard A. GOLE.**

No. 49S00–9503–DI–326.

Supreme Court of Indiana.

Sept. 2, 1999.

Forrest Bowman, Jr., Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM

Today we suspend the respondent, Richard A. Gole, from the practice of law for making improper sexual comments to, and inquiries of, two female clients.

The Indiana Supreme Court Disciplinary Commission has charged respondent Gole with two counts of violating Ind.Professional Conduct Rule 8.4(d), which prohibits attorneys from engaging in "conduct that is prejudicial to the administration of justice." The respondent and the Commission have submitted a *Conditional Agreement for Discipline* to resolve these charges. As a result of our approval of that agreement pursuant to Ind.Admission and Discipline Rule 23, Section 11, the respondent will be suspended from the practice of law and required to continue treatment for the problems which prompted his misconduct.[1]

The agreement sets forth the following undisputed facts. With regard to Count I, on October 16, 1993, a female client consulted the respondent about extricating herself from a relationship with her boyfriend, with whom she jointly owned property and was jointly obligated on a mortgage. During that meeting, the respondent asked her intimate and inappropriate questions of a sexual nature. For example, he asked the client whether she was involved with another person, whether her boyfriend satisfied her sexually, and whether she liked using sex "toys." He also volunteered details of his own sexual experiences. The client was offended by the respondent's comments and never sought his counsel again.

---

1. By virtue of his admission to the Indiana bar in September 1970, the respondent is subject to this Court's disciplinary jurisdiction.

While the charge relating to that misconduct was pending before a hearing officer, the respondent committed the misconduct forming the basis of Count II. A female client consulted the respondent in his office on October 8, 1997, regarding her pending divorce. During their consultation, the respondent made numerous inappropriate, sexually explicit remarks. He inquired, for example, as to the frequency of her sexual experiences and whether she had ever had sexual contact with a woman. He also detailed his own sex life. The next day the client discharged the respondent and successfully sought return of her initial payment of $300.

■ We find that the respondent, through his inappropriate and offensive comments to and questioning of two clients, engaged in conduct prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).[2] The clients contacted the respondent in good faith seeking only his advice as to legal issues then confronting them. What they received was uninvited, irrelevant and patently offensive verbal voyeurism.

■ Our finding of misconduct requires us to determine an appropriate sanction. In assessing a sanction, we examine the nature of the misconduct, the duty violated, the state of mind of the respondent, the actual or potential injury caused by the respondent, the potential risk to the public in allowing the respondent to continue in practice, the duty of this Court to preserve the integrity of the profession, and factors in aggravation and mitigation. *Matter of Lucas,* 672 N.E.2d 934 (Ind.1996).

As the parties suggest, the timing of the respondent's actions with regard to the second count of misconduct is an aggravating factor. The respondent committed the actions which led to the charging of Count II after a hearing had been conducted on Count I and the matter was pending before the hearing officer. Unfortunately, these incidents are not the respondent's first experience with discipline for professional misconduct. In 1983 and 1985, the respondent was privately reprimanded for unrelated professional misconduct.

The parties cite as mitigating circumstances the respondent's admission of his misconduct, the diagnosis of his sexual addiction, and his subsequent treatment for it. He has met regularly during the past year with a twelve-step support group for individuals suffering from sexual addictions or compulsions. The respondent also has voluntarily undergone evaluation by a psychiatrist, who determined that the respondent is likely to avoid repeating this misconduct so long as he continues with a twelve-step style program for addictive behaviors. At the Commission's request, the respondent also was evaluated by a psychologist, who determined that the respondent's efforts to address his sexual addiction appeared substantial and sincere. The psychologist assessed the respondent's danger to clients as minimal.

■ Given these mitigating factors, the respondent and the Commission suggest a six-month suspension from the practice of law, with the first thirty days to be an active suspension and the remaining five months to be suspended upon compliance with all terms of a one-year probation. The probationary conditions include continuing treatment for the respondent's acknowledged sexual addiction. Such an agreement is consistent with others which we have approved in disciplinary matters arising from misconduct attributable to addictive behaviors. *See, e.g., Matter of Martenet,* 674 N.E.2d 549 (Ind.1996).

While we are mindful that the respondent appears to have made substantial efforts toward overcoming the problems which prompted these most recent incidents of misconduct, such actions do not excuse the misconduct. The respondent used professional consultations to obtain personal sexual gratification. While facing disciplinary charges with regard to the first incident, he engaged in the prohibited misconduct again. His actions demeaned the profession and serve to undercut public confidence in the legal system. For that reason, we believe a period of suspension is appropriate. Moreover, a period of probation during which the respondent

---

**2.** Prof.Cond.R. 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

must continue treatment and undergo close monitoring also appears merited. We note that the respondent will face much more serious consequences if he engages in any further misconduct of this type.

Accordingly, we approve the conditional agreement tendered by the parties and impose a six-month suspension, beginning October 8, 1999, with the following conditions. The first thirty days of the six-month suspension shall be an active suspension. The final five months of the suspension shall be suspended upon compliance with all of the terms of a one-year probation. Upon successful completion of the conditions of probation, the respondent will be automatically reinstated to the practice of law in this state. The terms of probation are:

1) The respondent shall have a continuing duty through his term of probation to keep the Disciplinary Commission and the Clerk of the Indiana Supreme Court advised of the current address of both his home and law office.

2) The respondent shall not engage in discussions of sexual matters of any kind with clients who come to him for legal consultation, except to the extent that sexual matters are directly relevant to the legal matter about which the respondent is consulted. The respondent shall not offer, invite or engage in social interactions of any kind with female clients who consult and/or retain him for legal services.

3) The respondent shall be under the supervision of and report to a monitor who is a member of the Indiana Supreme Court Judges and Lawyers Assistance Committee. He shall execute necessary authorizations or releases permitting his assigned monitor to have access to information needed to verify the respondent's compliance with the terms and conditions of his probation. He further agrees to meet with the monitor at any reasonable degree of frequency proposed by the monitor and to comply with all reasonable requests for information and cooperation by the monitor. The respondent also agrees to execute any authorizations or releases necessary to permit his assigned monitor to communicate fully and on a regular basis with the Disciplinary Commission. The respon-

dent shall submit a written monthly report to his assistance monitor in which he certifies under oath his compliance with the terms and conditions of probation, or sets forth or describes in detail under oath any instances of failure to comply with the terms and conditions of probation. The monitor shall submit a quarterly written report to the Executive Secretary of the Disciplinary Commission setting forth the respondent's compliance or lack of compliance with the terms and conditions of probation.

4) The respondent shall continue his participation at least two times weekly in meetings of a recovery group for individuals with problems related to sexual addictions or compulsions or another appropriate twelve-step program specifically authorized and approved by the Executive Secretary of the Disciplinary Commission. The respondent shall submit to his monitor the name of an individual or individuals who can personally vouch for his attendance at the recovery group meetings described above, or alternatively, submit written proof of meeting attendance acknowledged by the initials of another individual in attendance at the meeting.

5) The respondent agrees to meet with Toner Overly, M.D., Steven J. Couvillion, Ph.D., Edward Mitchell, D.Min., or some other qualified mental health professional specifically authorized and approved by the Executive Secretary no less frequently than once every six months and shall cause such qualified mental health professional to issue a progress report to the Executive Secretary and the monitor at six-month intervals. Progress reports will be due at the beginning of the period of probation, at the conclusion of probation, and mid-way through the period of probation. The reports referred to in this paragraph shall include at least: (a) the date on which the report was prepared; (b) the date(s) and location(s) at which the respondent was seen/interviewed/evaluated by the author of the report; and (c) a description of the progress of the respondent's treatment and prognosis and any recommended changes in the respondent's treatment or aftercare program.

6) The respondent hereby consents to the release to the Disciplinary Commission of any and all sexual treatment records created before or during the term of probation. This consent prevails over all assertions of confidentiality including those in the Indiana Code, the United States Code, and the Code of Federal Regulations. This consent will be automatically revoked upon the respondent's successful completion of his term of probation.

7) The respondent shall maintain in his employ a female secretary or other female employee who shall be present in his law office at any and all times he meets with any female client, witness or other individual.

8) The respondent shall immediately report to the Disciplinary Commission any criminal charges or arrests which may occur during the period of his probation.

9) The respondent shall immediately report to the Disciplinary Commission any failure to comply with any of the terms and conditions of probation in writing and specifically identify the type and circumstances of this failure of compliance.

10) The respondent shall otherwise promptly comply with all reasonable requests for information and cooperation submitted to him by the Executive Secretary of the Disciplinary Commission and his monitor.

11) This Court shall maintain continuing jurisdiction over this matter until such time as the Executive Secretary has certified to the Court that the respondent has complied with the terms of this opinion as now entered or as hereafter modified.

12) The burden of compliance with the terms of this opinion remains with the respondent at all times and does not shift to the Disciplinary Commission or its staff, the respondent's monitor, the respondent's therapists, or any other person or entity. All costs associated with compliance with this order shall be borne by the respondent.

13) If during the term of the respondent's period of probation, the Disciplinary Commission should have reasonable cause to believe that the respondent is in material breach of any of the terms and conditions of this opinion, the Executive Secretary may petition this Court for relief from the conditionally stayed period of suspension. Upon a finding by the Court that the respondent has materially breached any of the terms and conditions of this opinion, the respondent shall be suspended for the balance of the six-month term of suspension, at the conclusion of which he will not be automatically reinstated; however, under such circumstances, he shall be eligible upon completion of the six-month suspension to petition for reinstatement in accordance with the terms of Admission and Discipline Rule 23(4) and (18).

14) Upon respondent's successful completion of all terms and conditions of probation as set forth in this opinion, he will be relieved of the obligation to further comply with those terms and conditions and will be fully reinstated to the practice of law in this state with no limitations on his privilege to practice law aside from those generally applicable to members of the bar.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk:

Costs of this proceeding are assessed against the respondent.