**In the Matter of Jorge L. RODRIGUEZ.**

**No. 49S00–9805–DI–281.**

Supreme Court of Indiana.

Aug. 30, 2001.

Respondent, pro se.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

Because the respondent failed on his Indiana Bar application to disclose attend-

ance at two colleges, his academic dismissal from both, and a semester suspension from one, he will be suspended from the practice of law for 90 days.

This attorney disciplinary action comes before this Court now upon the respondent's and the Disciplinary Commission's *Statement of Circumstances and Conditional Agreement for Discipline,* entered pursuant to Ind.Admission and Discipline Rule 23(11)(c). In that agreement, the respondent admits to misconduct and agrees to be suspended for 90 days. The agreement is now before this Court for final approval. The respondent's admission to this state's bar in 1992 confers upon this Court disciplinary jurisdiction in this matter.

■ This is the second time this particular conditional agreement has been submitted to us for approval. Upon its first submission, we returned it to the parties for further information regarding the circumstances regarding the respondent's admitted 1980 suspension from the University of Miami. In response, the respondent tendered the requested information to augment the conditional agreement, along with a *Memorandum in Support of Nondisclosure,* in which the respondent argued that the acts underlying that suspension formed the basis for criminal charges as well as violations of school policy. Since the criminal records were later "released," then "expunged," the respondent argues that he should not be required to disclose the records to this Court. We disagree. The respondent opened his past for inspection through his purely voluntary act of seeking Indiana Bar admission. Accordingly, we deny his request for nondisclosure, and have arrived at our decision on the tendered conditional agreement with the benefit of the information describing the incident underlying his 1980 suspension from the University of Miami.

The parties agree that on April 19, 1991, the respondent submitted his *Application for Admission Upon Examination to Practice Law* to the Indiana State Board of Law Examiners. Paragraph 10 of the application asked the respondent to list colleges and universities he had attended. Although the respondent disclosed that he had attended the University of Florida for his undergraduate and masters' degrees, and Ohio Northern University for his law degree, he failed to disclose that he attended the University of Miami from 1979 to 1983 and the Nova University College of Law from 1986 to 1987.

Paragraph twelve of the application stated:

> The following is a complete report as to every incident in which I have ever been disciplined, expelled or suspended from any college, university or law school or other professional school or profession (to include academic suspension or probation) or have been removed from appointive or elected public office for cause:

In response, the respondent stated, "None." In fact, the respondent was suspended from the University of Miami in 1980. He was academically dismissed from the University of Miami in 1983. He was academically dismissed from Nova University College of Law in 1987. In 1993, the respondent offered to the Board of Law Examiners to correct the omissions on his application.

Indiana Professional Conduct Rule 8.1 provides:

> An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
>
> (a) knowingly make a false statement of material fact; or

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

By failing to disclose his attendance at the University of Miami and Nova law school, his suspension from the University of Miami, and his academic dismissals from the University of Miami and Nova law school, the respondent violated Ind.Professional Conduct Rule 8.1.

■ This Court's discipline imposed for faulty disclosure on bar applications has varied, depending on the circumstances and any mitigating or aggravating factors. In *Matter of Redding*, 672 N.E.2d 76 (Ind. 1996), this Court suspended an attorney for 90 days pursuant to a conditional agreement where the attorney failed to disclose on her bar application a lawsuit in which she was a named defendant. This Court also found that the attorney misled the court while testifying in that suit. Because of mitigating factors, including the respondent's "relative youth and inexperience" at the time of the misconduct and her clinical depression, this Court accepted the 90 day suspension.

In *Matter of Lucas*, 672 N.E.2d 934 (Ind.1996), an attorney failed to disclose on both Indiana and Florida Bar admission applications three lawsuits in which he was a named defendant, a speeding ticket, an arrest for public intoxication, and various delinquent credit card accounts. Pursuant to a conditional agreement, this Court accepted the agreed discipline of public reprimand, in large part because of the parties' stipulation that the respondent's application omissions were the result of his "fail[ing] to take sufficient care and time in completing [the applications] to reflect on the questions and consider their import ..." rather than the product of a conscious objective to deceive admissions authorities. *Lucas*, 672 N.E.2d at 936.

This Court disbarred an attorney in *Matter of Verma*, 691 N.E.2d 1211 (Ind. 1998), upon finding that the attorney deliberately falsified bar application responses on Pennsylvania and Maryland questionnaires. His deceit was pervasive and included the forgery of certain documents to support his false claims. That attorney, who failed to appear at hearing, had been previously disciplined by this Court for falsifying an application for federal employment. Due to the sheer gravity and breadth of his deceptions, this Court imposed disbarment.

The present case presents misconduct more akin to that in *Redding* and *Lucas* in that it is mitigated by the respondent's acknowledgement of his wrongdoing and his subsequent efforts with the Board of Law Examiners to correct the errors. In light of that, along with the fact that the discipline is the product of an agreed resolution, we find that it should be approved, but wish to make clear that 90 days is the minimum discipline this Court would accept for the respondent's misconduct.

It is, therefore, ordered that the respondent, Jorge L. Rodriguez, be suspended from the practice of law in this state for ninety (90) days, beginning October 5, 2001, at the conclusion of which he shall be automatically reinstated.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit,

the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.