**In the Matter of Steven K. RAQUET, Respondent.**

No. 34S00–0603–DI–99.

Supreme Court of Indiana.

Aug. 1, 2007.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The underlying facts are undisputed. For a period of about three months in 2001, Respondent viewed child pornography on the internet, printed some of the photographs, and paid some unknown on-line provider for the material. There is no evidence that he downloaded any photos. Respondent stopped viewing child pornography, and in December 2002, he began receiving counseling, which continues today.

At some point, electronic evidence of Respondent's conduct came to the attention of federal authorities. Respondent retained counsel and cooperated with federal authorities in their investigation. On March 23, 2004, Respondent was charged in state court with possession of child pornography, a Class A Misdemeanor. On May 21, 2004, Respondent entered into a pretrial diversion agreement. On June 13, 2005, Respondent successfully completed the diversion program and the case was dismissed.

On March 17, 2006, the Commission filed a verified complaint against Respondent based on his conduct involving child pornography. After a hearing, the hearing officer appointed in this case concluded that Respondent was remorseful, that he cooperated with all the authorities investigating the matter, and that aside from this incident six years ago, Respondent has provided exemplary public service as a lawyer. The hearing officer recommended Respondent be given a private reprimand. The Commission argues that a period of suspension is warranted.

**Violations:** The Court finds, and Respondent admits, that Respondent violated Professional Conduct Rule 8.4(b): Commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer.

**Discipline:** Respondent's conduct furthers the sexual exploitation of children. Such serious professional misconduct calls for sterner discipline than a reprimand. *Cf. In re Conn,* 715 N.E.2d 379 (Ind.1999) (agreed two-year suspension for receiving and transmitting child pornography over the internet and for failing to disclose on bar application federal investigation of this conduct.)

The Court notes, however, substantial mitigating factors in this case. Respondent's encounter with child pornography was brief and it occurred six years ago. Respondent has taken responsibility for his actions by seeking professional help, cooperating with all investigations of his actions, and admitting his misconduct. He is remorseful and this misconduct is the only blot on his legal career since he was admitted to practice in 1983.

In light of these circumstances, the Court **suspends Respondent from the practice of law for a period of thirty (30) days, beginning August 31, 2007.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclu-

sion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur, except SULLIVAN and BOEHM, JJ., who dissent and would impose a public reprimand.