**In the Matter of Charles W. LAHEY.**

No. 71S00–9405–DI–449.

Supreme Court of Indiana.

Feb. 12, 1996.

Ronald E. Elberger, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission filed a verified complaint for disciplinary action against the respondent in 1994, charging that he violated Rule 8.4(b) of the *Rules of Professional Conduct for Attorneys at Law* by virtue of his federal criminal conviction for

conspiring to obstruct justice.[1] On July 22, 1994, this Court suspended the respondent *pendente lite*, in light of his felony conviction. The respondent and the Commission now tender for our approval a *Statement of Circumstances and Conditional Agreement for Discipline*, pursuant to Ind.Admission and Discipline Rule 23, Section 11(g).[2] That agreement calls for the respondent to be suspended from the practice of law for a period of three years. We approve the submitted agreement and herein recite the facts and circumstances of this case.

The respondent was admitted to the bar of this state in 1975 and is therefore subject to this Court's jurisdiction in disciplinary matters. The agreed facts provide that the respondent was named in a six-count criminal indictment in the United States District Court for the Northern District of Indiana, South Bend Division, on April 8, 1993. A jury trial began on January 24, 1994. On January 31, 1994, the court granted the respondent's motion for acquittal on five of the six counts. The jury returned a guilty verdict as to the remaining count, which charged the respondent with conspiring to obstruct justice during a grand jury investigation, in violation of 18 U.S.C. Section 371. On May 6, 1994, he was sentenced to serve ten (10) months imprisonment, followed by two years of supervised release. He began serving that sentence on July 10, 1995.

The respondent's conviction was based on allegations that, in response to an Internal Revenue Service audit to investigate discrepancies between his reported income and the amount of his spending, the respondent informed IRS investigators that his brother-in-law and other family members provided him with substantial non-taxable cash gifts. The indictment alleged that the respondent and his brother-in-law agreed that the latter would provide, to a grand jury investigating the matter, false testimony supporting the

respondent's earlier statements to IRS investigators. We find that the respondent's conviction for conspiracy to obstruct justice, based on the allegations above, represents the commission of a criminal act that reflects adversely on his honesty, trustworthiness and fitness as a lawyer in other respects in violation of Ind.Professional Conduct Rule 8.4(b).

█ The respondent and the Commission agree that the respondent should be suspended from the practice of law for a period of three years, with the effective date of his suspension to correspond with the commencement of his federal criminal sentence. In assessing an appropriate sanction, this Court looks at several factors, including the nature of the misconduct, the duty violated, the lawyer's mental state, actual or potential injury caused by the misconduct, the duty of this Court to preserve the integrity of the profession, and the existence of aggravating or mitigating circumstances. *In re Drozda*, 653 N.E.2d 991 (Ind.1995). The agreement contains a number of factors purported to mitigate the severity of the respondent's conduct. Among them are his otherwise unblemished nineteen year legal career, his willingness to provide legal services to indigent persons, and his history of civic and volunteer work. It is also mentioned that the respondent voluntarily discontinued his law practice shortly after the complaint in this action was filed.

█ Although we give these mitigating factors some weight, an analysis of the respondent's misconduct pursuant to the other factors outlined in *Drozda, supra*, reveals the seriousness of his actions. The crime for which the respondent was convicted indicates that he formed an intent to accomplish a specific criminal act and maintained that state of mind over a significant period of time.[3] His actions reflect a calculated plan

---

1. Professional Conduct Rule 8.4(b) provides:

   It is professional misconduct for a lawyer to:

   .  .  .  .  .

   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

2. Indiana Admission and Discipline Rule 23 was amended effective February 1, 1996. Former subsection 11(g) is now subsection 11(c).

3. In the American Bar Association's *Standards for Imposing Lawyer Sanctions*, it is stated that the most culpable mental state is that of intent, where a lawyer acts with the conscious objective

to foster and perpetuate falsehoods in response to serious criminal allegations. As such, his acts clearly indicate character flaws incompatible with the personal and professional traits the practice of law requires and reveal a striking disregard for the administration of justice. In light of these considerations, we conclude that a lengthy period of suspension, with readmission contingent on satisfying the conditions contained in Admis.Disc.R. 23(4), adequately comports with the misconduct that occurred. Accordingly, we approve the parties' agreed sanction.

It is, therefore, ordered that the respondent, Charles W. Lahey, be suspended from the practice of law for a period of not less than three years, effective July 10, 1995. At the end of this period, the respondent may petition this Court for reinstatement to the bar of this state, provided he meets the requirements contained in Admis.Disc.R. 23(4).

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DeBRULER, SULLIVAN, and SELBY, JJ., concur.

DICKSON, J., dissents, believing the penalty is insufficient.

or purpose to accomplish a particular result.

*See* ABA *Standards, Theoretical Framework.*